# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 4:19-CR-306 |
| ) | |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| AIRIK TALBOTT ) | |
| Defendant. ) | |

Now comes Defendant, Airik Talbott, by and through undersigned counsel, and hereby and hereby submits his Sentencing Memorandum. Mr. Talbott respectfully requests this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of 18 U.S.C. § 3553. Mr. Talbott's position regarding sentencing is set forth more fully in the attached Memorandum.

Respectfully submitted,

**BETRAS, KOPP & HARSHMAN, LLC**

*/s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: dbetras@bhlaws.com
*Attorney for Defendant, Airik Talbott*

## **MEMORANDUM IN SUPPORT**

### I. PROCEDURAL BACKGROUND

On May 22, 2019, Defendant was indicted by a United States grand jury for one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 2, 2019, Mr. Talbott entered a guilty plea to the Indictment and Mr. Talbott's case was referred to the United States Probation Office for the preparation of a Presentence Investigation Report (herein after "PSR"). Said PSR was prepared on October 8, 2019.

### II. LAW & ARGUMENT

In the advent of the United States Supreme Court ruling in *United States v. Booker*, 125 S.Ct. 738 (2005), it is now well established that the federal sentencing guidelines are no longer mandatory. Instead, they are simply one of the many factors that must be considered by the Court in constructing a sentence that is no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553.

District Courts retain broad discretion in determining what sentence to impose based on the particular circumstances of a given case. However, sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. *See Kimbrough v. United States*, 552 U.S. 85 (2007). As such, both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the <u>least restrictive sentence</u> that will satisfy the four purposes of sentencing: justice, deterrence, public protection from further crimes and the provision of rehabilitative treatment. 18 U.S.C. § 3553(a)(2); *see also Kimbrough*, 552 U.S. at 101.

In order to determine the least restrictive sentence that satisfies the statutory purposes of sentencing, *supra*, this Court must consider the seven (7) factors set forth in 18 U.S.C. § 3553(a)(1)-(7). The pertinent factors of this analysis are discussed below.

### A. <u>18 U.S.C. § 3553(a)(1) Nature of Offense and History of Defendant</u>

Mr. Talbott was born in Philadelphia, Pennsylvania. When he was two years old, his family moved to Jacksonville, Florida. His parents divorced when he was twelve years old, and he has not had any contact with his father since. When he was fourteen, he was again moved to Youngstown, Ohio with his mother and three siblings. Due to the frequent relocations, Mr. Talbott never truly felt like he had a place to call home.

Mr. Talbott has been surrounded by violence since he was a child. Not only was Mr. Talbott raised in a high violence high crime neighborhood, but he was also physically abused by both his mother and his father. The abuse was so severe that he was often left with marks on his body from being hit with closed fists, belts and switches. While most of us have had the privilege of having a close, intimate bond with at least one parent, Mr. Talbott did not. Not surprisingly, Mr. Talbott states that his mother was not a caring person. Due to the abuse and emotional neglect, he never had a close, loving relationship with either parent. This emotional bond is what every child longs for and depends upon to live a happy childhood. Sadly, Mr. Talbott's closest relationships have been those with his friends rather than his family. In addition to the physical abuse, his father abused marijuana and cocaine. This exposure to illegal substances at a young age led Mr. Talbott to begin using marijuana at the age of sixteen. Despite this traumatic upbringing, Mr. Talbott has not had any formal mental health counseling or treatment, although he feels he could benefit from such. Mr. Talbott has completely acknowledged and accepted responsibility for his crime.

**CONCLUSION**

Based upon the foregoing, Defendant, Airik Talbott, respectfully requests this Honorable Court impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of 18 U.S.C. § 3553.

Respectfully submitted,
**BETRAS, KOPP & HARSHMAN, LLC**

*/s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: dbetras@bhlaws.com
*Attorney for Defendant, Airik Talbott*

**CERTIFIACE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed and served electronically this 11th day of November 2019 upon attorneys who have completed the ECF registration as required by the Court.

*/s/ David J. Betras*
DAVID J. BETRAS
ATTORNEY FOR DEFENDANT
